Dear Chief Carpenter,
Your request for an opinion of the attorney general has been forwarded to me for research and reply. Along with your request, the following facts were provided. This past Christmas, the Winn Parish Jaycees donated $1,000 to purchase bicycles for needy children in the community. The local Walmart agreed to match that amount with a $1,000 grant for the stated purpose of purchasing bicycles for Christmas. Because the check from Walmart was not going to be received by the Jaycees in time to purchase the bicycles for Christmas, you and another officer voluntarily advanced $1,000 on Walmart's behalf to cover Walmart's portion of the total amount to be used to purchase bicycles for the children. After the check from Walmart came in, it was deposited into the City's general fund (because the Winnfield Police Department does not have a separate bank account). The check from Walmart was made payable to the Winnfield Police Department and was clearly marked that it should be used to purchase bicycles for underprivileged children for Christmas. Subsequently, the Mayor began to question whether the donation from Walmart that was deposited into a public account could be used to reimburse you for the advancement of the $1,000 made to buy the bicycles. You seek an opinion of our office on whether you may be reimbursed from the public account when the donation that was deposited into the account was specifically earmarked for the bicycle program.
Public entities are free to accept donations. La. Atty. Gen. Op. No. 07-0188. The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals. La.C.C. art. 1528, see also
La. Atty. Gen. Op. No. 03-0320. Based on the facts provided in your opinion request, Walmart donated money to the Winnfield Police Department with the condition that it be used to buy bicycles for underprivileged children for Christmas. Upon deposit into the public account, the donated funds became public funds. La. Atty. Gen. Op. Nos. 07-0188, 00-101. *Page 2 
In order for the police department to comply with the condition on Walmart's donation (that the money be used to purchase bicycles), the police department would have to have the authority to purchase bicycles with public funds. All questions concerning the use of public funds must be examined in light of La.Const. art. VII, § 14, which provides, in pertinent part, as follows:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
In Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. LouisianaMun. Risk Mgmt. Agency, Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's,938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's
standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
While buying bicycles for underprivileged children is certainly a noble cause, we do not believe it serves a public purpose that a police department is authorized to undertake. Additionally, because the police department receives nothing in exchange for this expenditure of public funds, certainly not equivalent value, it is the opinion of this office that using public funds to purchase bicycles to donate to underprivileged children would be a violation of La.Const. art. VII, Sec. 14(A).
However, we note that La.Const. art. VII, Sec. 14(B) contains twelve exceptions to the prohibition against donating public funds found in Sec. 14(A). La.Const. art. VII, Sec. 14(B)(1) provides: "Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy. . . ." We have previously opined that the exception in Paragraph (B) is operative *Page 3 
as long as those assisted through such a program are screened pursuant to objective criteria to insure that they are, in fact, needy. See Attorney General Opinion Nos. 76-57; 81-60, 96-21. We were not provided with any facts that would support a finding that the receipt of the donation from Walmart were part of an established "social welfare program for the aid and support of the needy."
Accordingly, it is the opinion of this office that the police department should not have accepted a donation conditioned upon the money being used to purchase bicycles for underprivileged children because the police department does not have the authority to fulfill the condition by purchasing bicycles to give away. Purchasing bicycles with public funds to give away to children would violate La.Const. art. VII, Sec. 14(A). The money should be refunded from the general fund back to Walmart. At that time, Walmart may honor its commitment and reimburse the police chief and police officer who advanced the loan to cover Walmart's portion of the expenses prior to Christmas. Finally, we note that if this program is to continue, the police department must take care to ensure that the any donations received for the purchase of bicycles are not deposited into the city's general account, thereby making them public funds.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt